AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| CEQUINT INC. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-cv-01224-SLR |
| APPLE INC. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Delaware          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Agere Systems, LLC

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A.

| Place: Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801 | Date and Time: 11/01/2012 9:00 am |
|---|---|

The deposition will be recorded by this method: _Stenographically and by video recording._

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce the documents listed on Schedule A by October 3, 2012 at 9:00 am

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 09/12/2012

_____      /s/ David E. Moore
*CLERK OF COURT*                OR   _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Apple Inc. , who issues or requests this subpoena, are:
David E. Moore; Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801; dmoore@potteranderson.com; Tel: (302) 984-6000

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 11-cv-01224-SLR

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

  ☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

  ☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

              _____
              *Server's signature*

              _____
              *Printed name and title*

              _____
              *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure Defendant Apple Inc. ("Apple") hereby requests that Agere Systems, LLC ("AGERE") produce witness(es) and evidence requested herein at the offices of Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801, at the date and time specified in the attached subpoena, or at such other time as may be agreed to, in accordance with the Federal Rules of Civil Procedure (and the following Definitions). Rule 30(b)(6) requires YOU to designate one or more officers, directors, or managing agents, or other PERSONS who consent to testify on YOUR behalf concerning the topics described below; and YOU may set forth for each PERSON designated the matters on which the PERSON will testify. The PERSONS so designated shall testify as to matters known or reasonably available to YOU. The Court has entered a Protective Order in this action, a copy of which is attached hereto. The Protective Order contains provisions relating to the protection of confidential information of third parties.

Please produce the following documents at the time and place specified in the subpoena.

## INSTRUCTIONS

The instructions contained in Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court are incorporated herein by reference and are supplemented as follows.

1. Each paragraph in this attachment shall be construed independently, and no paragraph shall be construed to limit any other paragraph.

2. The use of any definition in this attachment is not an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other

purpose in this action.

    3.    Each requested document shall be produced in its entirety without deletions or excisions. If a document responsive to any request cannot be produced in its entirety, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

    4.    Each page or sheet shall be marked with a consecutive document control number.

    5.    All documents produced in response to this subpoena shall be produced in the same order that they are kept in the ordinary course of business. Documents that are attached in the ordinary course of business shall not be separated or disassembled.

    6.    If you object or otherwise refuse to respond or produce documents in response to any request, you must provide all documents called for by that portion of the requests for production to which you do not object or refuse to respond as follows:

    a.    If you object to a document request on the ground that it is too broad, you shall produce documents in response to that request by producing all documents that are within the permissible scope of discovery and identify all categories of documents being withheld;

    b.    If you object to a document request on the ground that to produce documents would constitute an undue burden, then you shall produce as many of the requested documents as can be provided without undertaking an undue burden, and explain the nature of the burden that you contend is unreasonable or "undue"; and

    c.    If you object to any portion of a document request on the ground that it is vague or indefinite, then you shall set forth your understanding of the allegedly vague or

indefinite term and shall produce documents based upon that understanding.

7. If any document or portion thereof is withheld under a claim of privilege, the privilege invoked shall be stated and such information as required under Fed. R. Civ. Proc. 26(b)(5) shall be provided.

8. In interpreting the requests, the singular shall include the plural, and the plural shall include the singular.

9. In interpreting the requests, the connectives "and" and "or" shall be construed either disjunctively or conjunctively, whichever makes the request more inclusive, and "any" shall mean each and every.

## DEFINITIONS

1. "PATENT-IN-SUIT" or the "'664 PATENT" means U.S. Patent No. 6,353,664, entitled "Caller ID Equipment Which Displays Location of Caller."

2. The "PATENT FAMILY" refers to the '664 PATENT and all underlying patents and patent applications, including published and unpublished applications, abandoned applications and patents, provisional applications, parents, continuations, continuations-in-part, divisionals, reissues, foreign counterparts, and any other patents or patent applications claiming priority to the '664 PATENT or to which the '664 PATENT claims priority, whether directly or indirectly.

3. "YOU" or "YOUR" means or refers to AGERE.

4. "CEQUINT" or "PLAINTIFF" means and includes Cequint Inc., and all of its predecessors and/or successors, subsidiaries, divisions, parents, and affiliates thereof, including, but not limited to, TNS, Inc., all officers, agents, employees, and other PERSONS acting on its behalf, including, but not limited to, Mark Gosselin.

5. "LUCENT" means and includes Lucent Technologies Inc., and all of its predecessors and/or successors, subsidiaries, divisions, parents, and affiliates thereof, all officers, agents, employees, and other PERSONS acting on its behalf.

6. "AGERE" means and includes Agere Systems, LLC, and all of its predecessors and/or successors, subsidiaries, divisions, parents, and affiliates thereof, all officers, agents, employees, and other PERSONS acting on its behalf.

7. "CONCERNING" means relating to, alluding to, referring to, reflecting, constituting, describing, discussing, evidencing, or regarding.

8. "DOCUMENT" shall include, without limitation, any written, printed, typed, recorded, computerized, electronic, taped, graphic, or other matter, in whatever form, including, but not limited to, all materials and things that constitute "writings" or "recordings" within the meaning of Rule 1001 of the Federal Rules of Evidence and/or "documents" within the meaning of Rule 34 of the Federal Rules o f Civil Procedure. The terms "DOCUMENT" or "DOCUMENTS" further includes, without limitation, written, graphic or otherwise recorded material such as, without limitation, electronically stored information regardless of the form of storage medium, microfilms or other film records or impressions, tape recordings or computer cards, floppy disks or printouts, any and all papers, photographs, pictures, films, recordings, memoranda, books, records, accounts, communications, letters, telegrams, facsimiles, correspondence, test results, notes of meetings, notes of conversations, notes of telephone calls, inter-office memoranda or written communications of any nature, recordings of conversations either in writings or upon any mechanical or electrical recording devices, including e-mail, notes, papers, reports, analyses, invoices, canceled checks or check stubs, receipts, minutes of meetings, time sheets, diaries, desk calendars, ledgers, schedules, licenses, financial statements,

telephone bills, logs, surveys, questionnaires, computer data including source code, microcode, or anything similar, and any differing versions of any of the foregoing, whether so denominated, formal, informal or otherwise, as well as copies of the foregoing which differ in any way, including by the addition of handwritten notations or other written or printed matter of any nature, from the original. The foregoing specifically includes information stored in a computer database and capable of being generated in documentary form, such as electronic mail.

9. "THING" means and includes any tangible item other than a DOCUMENT.

10. "COMMUNICATION" shall mean, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand or question by any medium, whether by written, oral or other means, including but not limited to, electronic communications and electronic mail ("E-mail").

11. "IDENTIFY" when referring to a DOCUMENT, means to give production range, page numbers, and/or deposition, hearing, trial, or other transcript page/line numbers, or, if that information is unavailable, the (a) type of DOCUMENT; (b) general subject matter; (c) date of the DOCUMENT; and (d) author(s), addressee(s), and recipient(s).

12. "IDENTIFY" when referring to a PERSON, means to give, to the extent known, the PERSON'S full name, present or last known address, and, when referring to a natural PERSON, the present or last known place of employment. Once a PERSON has been identified in accordance with this subparagraph, only the name of that PERSON need be listed in response to subsequent discovery requests.

13. "IDENTIFY" as used herein to apply to an oral COMMUNICATION shall mean to state the date and place of the COMMUNICATION, the substance thereof, and to IDENTIFY all PERSONS who participated in or heard the COMMUNICATION.

14. "PERSON" means any natural person or any business, legal or governmental entity or association.

15. "PRIOR ART" shall mean the subject matter described in 35 U.S.C. §§ 102 and 103, including but not limited to publications, patents, physical devices, prototypes, uses, sales, and offers for sale, and any COMMUNICATIONS, DOCUMENTS and THINGS evidencing any of the foregoing.

16. The terms "and" and "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following requests all information which might otherwise be construed to be outside their scope.

## MATTERS UPON WHICH EXAMINATION IS REQUESTED

1. The conception of the '664 PATENT and/or any member of the PATENT FAMILY.

2. The reduction to practice of the '664 PATENT and/or any member of the PATENT FAMILY.

3. PRIOR ART to the '664 PATENT and/or any member of the PATENT FAMILY.

4. The development, functionality, use, marketing and sale of the technology that is the subject of the '664 PATENT and/or the PATENT FAMILY, including but not limited to:

    a. Any prototypes or finished products embodying the subject matter of the '664 PATENT and/or any member of the PATENT FAMILY;

    b. Any research, development, testing, or analysis RELATING TO the subject matter of the '664 PATENT and/or any member of the PATENT FAMILY; and

    c. Any notes, publications, or talks RELATING TO the subject matter of the '664 PATENT and/or any member of the PATENT FAMILY.

  5. Preparation, filing, or prosecution of the '664 PATENT and/or any member of the PATENT FAMILY.

  6. Any public use or demonstration of the technology that is the subject of the '664 PATENT and/or any member of the PATENT FAMILY.

  7. Any attempts to commercialize or commercialization of the technology that is the subject of the '664 PATENT and/or the PATENT FAMILY.

  8. Any attempts to license or licensing of the '664 PATENT and/or any member of the PATENT FAMILY.

  9. Any assignment of rights in the '664 PATENT or any member of the PATENT FAMILY.

  10. The DOCUMENTS or THINGS produced by AGERE in response to this subpoena.

**DOCUMENTS TO BE PRODUCED**

  1. DOCUMENTS sufficient to show the conception, design, development, testing, and reduction to practice of any invention that is the subject of the PATENT FAMILY.

  2. DOCUMENTS and THINGS sufficient to show any invention disclosure documents relating to the subject matter of the '664 PATENT.

3. DOCUMENTS and THINGS sufficient to show any products or prototypes embodying the subject matter of the '664 PATENT and/or any member of the PATENT FAMILY.

4. All DOCUMENTS relating to the preparation, filing, or prosecution of the '664 PATENT and/or any member of the PATENT FAMILY.

5. All DOCUMENTS relating to COMMUNICATIONS between or among YOU, LUCENT, or CEQUINT CONCERNING the '664 PATENT and/or any member of the PATENT FAMILY.

6. All DOCUMENTS relating to COMMUNICATIONS between or among YOU, LUCENT, or CEQUINT CONCERNING U.S. Patent No. 7,200,212 and/or any related patent.

7. All DOCUMENTS relating to the identification and determination of the inventors named in the '664 PATENT and/or any member of the PATENT FAMILY.

8. All DOCUMENTS relating to PRIOR ART to the '664 PATENT, including but not limited to COMMUNICATIONS between or among YOU, LUCENT, or CEQUINT CONCERNING any PRIOR ART to the '664 PATENT, or the need for or the results from any patentability search(es) regarding the '664 PATENT.

9. All DOCUMENTS relating to PRIOR ART to any member of the PATENT FAMILY, including but not limited to COMMUNICATIONS between or among YOU, LUCENT, or CEQUINT CONCERNING any PRIOR ART to any member of the PATENT FAMILY or the need for or the results from any patentability search(es) regarding any member of the PATENT FAMILY.

8

10. All DOCUMENTS relating to the alleged validity, enforceability, interpretation, or scope of any or all of the claims of the '664 PATENT and/or any member of the PATENT FAMILY.

11. DOCUMENTS sufficient to show any alleged infringement of any claim of the '664 PATENT or any assertion of the need for any party to take a license to the '664 PATENT.

12. DOCUMENTS sufficient to show any alleged infringement of any claim of any issued patent from the PATENT FAMILY or any assertion of the need for any party to take a license to any issued patent from the PATENT FAMILY.

13. DOCUMENTS sufficient to show COMMUNICATIONS between or among YOU, LUCENT, or CEQUINT, on the one hand, and any other PERSON or entity, on the other, CONCERNING the '664 PATENT or any member of the PATENT FAMILY or any technology that is the subject of the PATENT FAMILY.

14. DOCUMENTS sufficient to show any valuation with respect to the '664 PATENT and/or any member of the PATENT FAMILY.

15. All DOCUMENTS relating to any contract or agreement entered into between or among YOU, LUCENT, or CEQUINT relating to the '664 PATENT and/or any member of the PATENT FAMILY, including but not limited to all DOCUMENTS relating to the negotiations for any contract or agreement.

16. DOCUMENTS sufficient to show all consulting agreements related to the subject matter of the '664 PATENT.

17. DOCUMENTS sufficient to show all consulting agreements related to this case, including agreements with CEQUINT, Morris, Nichols, Arsht & Tunnell LLP, or K&L Gates LLP.

18. DOCUMENTS sufficient to show all COMMUNICATIONS with CEQUINT, Morris, Nichols, Arsht & Tunnell LLP, or K&L Gates LLP concerning any negotiations relating to any executed or proposed consulting agreement.

19. Any invoices submitted pursuant to any consulting agreement related to this case.

20. DOCUMENTS sufficient to show all assignments of rights in the '664 PATENT or any member of the PATENT FAMILY.

21. DOCUMENTS sufficient to show any offer to sell or any sale by YOU of a product or potential product embodying any invention claimed in the '664 PATENT and/or any member of the PATENT FAMILY.

22. DOCUMENTS sufficient to show any consideration or attempt on behalf of YOU to license, assign, or sell the '664 PATENT and/or any member of the PATENT FAMILY.

23. DOCUMENTS sufficient to show any license ever granted to any party in the '664 PATENT and/or any member of the PATENT FAMILY.

24. DOCUMENTS sufficient to show any attempt on behalf of YOU to assert the '664 PATENT and/or any member of the PATENT FAMILY against a third party, or any discussion or consideration by YOU to assert the '664 PATENT and/or any member of the PATENT FAMILY against a third party.

25. DOCUMENTS sufficient to show any COMMUNICATION between YOU, LUCENT, or CEQUINT and any third party relating to the meaning, scope, coverage, validity, enforceability, or alleged infringement of the '664 PATENT.

26. DOCUMENTS sufficient to show any interest ever held by any party in the '664 PATENT and/or any member of the PATENT FAMILY.

27. All DOCUMENTS and THINGS relating to any funding or grants received from any government agency CONCERNING the technology that is the subject of the '664 PATENT and/or the PATENT FAMILY.

28. DOCUMENTS sufficient to show any employment agreements with the named inventors of the '664 PATENT.

29. DOCUMENTS sufficient to show any patent assignment agreements with YOU, LUCENT, and/or any current or former employer.

30. All DOCUMENTS and THINGS relating to any attempts to commercialize the technology that is the subject of the '664 PATENT and/or the PATENT FAMILY.

31. DOCUMENTS and THINGS sufficient to show any field trials concerning the technology that is the subject of the '664 PATENT and/or the PATENT FAMILY.

32. DOCUMENTS and THINGS sufficient to show any surveys, tests, or studies concerning the technology that is the subject of the '664 PATENT and/or the PATENT FAMILY.